LEAVY, Circuit Judge,
dissenting.
I would affirm the district court’s denial of the motion for summary judgment on the issue of qualified immunity filed by defendants Andrew Craigie, Susan Morrow, and Michele Beehler. These individual defendants stated that they were unaware of the requirements for a hearing prior to discharging an employee for serious wrongdoing. They did not know that the meeting which they asked King to attend was what they now refer to as a “hearing.”
The defendants told King at the meeting that he had tested “positive” for certain drugs, but no test results were provided. King was told that his continued employment depended on final laboratory results and interpretation by the medical review officer. Several days after the meeting, the defendants received the laboratory results indicating King’s drug test was “negative” because the results accounted for King’s valid prescription from his dentist. Later, the medical review officer changed the drug test report from negative to positive.
The defendants terminated King because of the level of drugs disclosed in the drug test. Throughout this so-called “hearing” process, King was never informed of his drug level. The parties acknowledge that the drugs prescribed by King’s dentist would have caused the presence of the drugs in his system. It is only the level at which the drugs were present that caused the defendants to claim that the test result was positive. King was first told of his drug levels six days after his termination. Three days after he was informed of his drug levels, the Garfield County Public Hospital reported King to the Washington Department of Health, Nursing Care Quality Assurance Commission, stating that King had tested positive for opiates. Following an investigation, the Commission determined that no cause for discipline existed because the evidence did not support a violation.
The Supreme Court holds that a “public employee is entitled to oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story.” Cleveland Board of Education v. Loudermill, 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); see also Vanelli v. Reynolds School Dist. No. 7, 667 F.2d 773, 777-78 (9th Cir.1982) (stating that “procedural protections of due process apply if the accuracy of the charge is contested”). Here, a reasonable public official would have been aware that publishing stigmatizing information in the course of King’s termination triggered King’s right to confront the defendants’ evidence prior to his termination, particularly in light of the shifting conclusions based on undisclosed drug levels. See Cox v. Roskelley, 359 F.3d 1105, 1113 (9th Cir.2004) (stating that existing case law and the operation of Washington public disclosure law precludes a “head-in-the-sand” defense, and that “even in the absence of a Ninth Circuit case directly on point, gov *700 ernment officials may still be fairly warned of potential constitutional deprivations”).